NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided December 17, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2394

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-20 |
| LEWIS N. JUDKINS, JR., *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Lewis Judkins pleaded guilty to conspiracy to possess and distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Because of the amount of cocaine involved, Judkins faced a minimum of 10 years' imprisonment. The district court calculated a guidelines imprisonment range of 210 to 262 months and sentenced him to 180 months plus 5 years of supervised release.

Judkins filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Judkins has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Judkins does not want

his guilty plea vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel cannot identify any procedural error in the district court's calculation of the guidelines imprisonment range. At sentencing, Judkins objected to the quantity of drugs attributed to him by the probation officer. The district judge found Judkins responsible for 15 to 50 kilograms of cocaine based on a codefendant's statements as summarized in a report by one of the investigating agents. Judkins objected that these hearsay statements were unreliable and thus insufficient to meet the preponderance standard required to support a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3). *See United States v. Nubuor*, 274 F.3d 435, 444 (7th Cir. 2001). The judge countered that the rules of evidence do not apply to sentencing determinations under the guidelines and found that the codefendant's statements were reliable because they were made against penal interest and were consistent with the other evidence. *See United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008); *United States v. Santiago*, 495 F.3d 820, 824 (7th Cir. 2007). Given that we review drug-quantity findings for clear error and overturn them only if we have a definite and firm conviction that a mistake has been committed, *see Rollins*, 544 F.3d at 838, counsel is correct that any challenge on this basis would be frivolous.

Judkins also objected to the four-level upward adjustment under U.S.S.G. § 3B1.1(a) for leadership of a criminal activity involving at least five people. Judkins argued that he should have received a smaller increase under § 3B1.1(c) because only four people were named in the indictment. The district judge noted that there was evidence that Judkins's brother and a number of suppliers were also involved in the conspiracy even though they were not indicted along with Judkins and his three named coconspirators. The notes accompanying § 3B1.1 clarify that a participant in a criminal activity is any person "criminally responsible for the commission of the offense," *see id.* § 3B1.1 cmt. n.1, and persons can be criminally responsible even if they are not charged with the offense, *see United States v. Nelson*, 5 F.3d 254, 258 (7th Cir. 1993). We agree with counsel that it would be frivolous to argue that the district court clearly erred in applying this adjustment.

Counsel last considers whether Judkins could challenge the reasonableness of his prison sentence. The total term of 180 months is below the guidelines range of 210 to 262 months. Counsel cannot identify any reason to disregard the presumption of reasonableness applicable to sentences below the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) and the arguments Judkins offered in mitigation, including his family's support and his own efforts to stay involved in his children's lives. But the court concluded that a substantial sentence was necessary

because cocaine trafficking is a serious offense and Judkins was the leader of the trafficking operation.  We would not conclude that the court abused its discretion in making that assessment, and thus counsel is correct that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.