In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2336

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JASON PAPE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 08 CR 174—**Barbara B. Crabb**, *Judge*.

ARGUED JANUARY 21, 2010—DECIDED APRIL 15, 2010

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
MANION, *Circuit Judges*.

CUDAHY, *Circuit Judge.* Jason M. Pape pleaded guilty
to one count of possession of child pornography, in
violation of 18 U.S.C. § 2252(a)(4)(B) and, on appeal,
challenges his sentence. He was sentenced to 90 months'
imprisonment followed by 20 years' supervised release.
He now claims that the district court failed to address
his non-frivolous arguments in support of a two-year

sentence including a plea for leniency based on his personal history as an upstanding member of his community and his exceptional family responsibilities for his children, some of whom have disabilities. In addition, Pape contends that the district court failed to address his argument that disparities in the length of pornography sentences among different districts in Wisconsin and the purported lack of careful empirical study underpinning the child pornography Guidelines suggest that a sentence over two years is too high.

We affirm because the district court adequately considered Pape's arguments about his history and parenting responsibilities. Moreover, a district court is presumed to have considered arguments about unwarranted disparities if, as here, it sentences within or below the Guidelines, see *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). And, although district courts are certainly free to disagree with the child pornography Guidelines as applied to a particular case as long as the sentence imposed is reasonable, the district court here did not abuse its discretion when it implicitly rejected the imposition of a much lower sentence based on a disagreement with the Guidelines range.

## I. Background

Pape has long been active in his Wisconsin community as a small-business owner and as a trustee for his church. He is also a father who helped care for his two children and three others he adopted when he married their mother, who was dying of cancer. Pape's stable

caretaking was especially important to his adopted child, who suffered from autism. Prior to the indictment in the present case, Pape had no criminal history.

In 2008, Pape's daughter reported to the school guidance counselor that, while completing a homework assignment on her father's computer, she had discovered images of child pornography. Using the daughter's information, law enforcement executed a warrant and found images and movies of child pornography on Pape's computers and on a thumb drive, including depictions of children being sexually exploited while in bondage and prepubescent minors engaging in anal intercourse with adult males. Law enforcement, however, uncovered no persuasive evidence that he sexually abused his own children or actually abused any minors.[1] A grand jury returned an indictment charging Pape with possession of child pornography and containing a request for the forfeiture of his computer equipment. Pape eventually pleaded guilty to the possession count and agreed to forfeit the equipment.

At sentencing, the district court received letters containing testimonials to Pape's devotion to his children and to his selflessness towards members of the community. Pape asked for a sentence reduction based on the consequences of imprisonment to his family. The

---

[1] We have noted that even those who merely obtain and share child pornographic images promote further abuse by encouraging the creation of child pornography. See *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007).

district court acknowledged Pape's positive role in his family and within the community, but also noted that Pape's ex-wife had described him as "manipulative, controlling, emotionally abusive, and obsessed with sex."

In support of his other arguments, Pape provided statistics describing the disparities in Wisconsin in sentencing for pornography crimes. According to the United States Sentencing Commission, in 2008, the mean sentence in the Western District of Wisconsin for pornography or prostitution offenses was 231.1 months (median 129 months), compared with 122.2 nationally (median 78) and 67.1 in the Eastern District of Wisconsin (median 60). Pape argued that these statistics prove that there are unwarranted disparities in sentencing across Wisconsin that the district court should have considered. Lastly, Pape highlighted concerns with the empirical under-pinnings of the child pornography Guideline based, in part, on a 2008 paper by federal defender Troy Stabenow that was recently discussed by the Seventh Circuit in *United States v. Huffstatler*, 571 F.3d 620, 622-23 (7th Cir. 2009). The government did not file a response but instead responded at the hearing to the arguments raised in the sentencing memorandum.

Before announcing its sentence, the district court explained, "I'm not here to balance the good and bad parts of people and say the good parts of this person outweigh the bad parts. I don't have the authority. I don't have the ability. That's to be done by somebody else. I am here to sentence what's bad, bad behavior." The district court then described Pape's positive and negative

personal history and characteristics, explained its concerns with his family's inability to grasp that he had a problem with child pornography, and described the sadism depicted in the images as well as Pape's online conversations describing abuse of a close minor female relative. A few days after the sentence was imposed, the district court filed a written Statement of Reasons in which it restated its rationale for imposing its sentence and described the defendant's history and characteristics, his parenting, his works in the community and relevant offense conduct as well as related conduct. This appeal followed.

## II. Standard of Review

Whether the district court followed proper sentencing procedure is a legal question reviewed de novo. *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009). We must determine that the district court did not commit procedural error by, for example, failing to properly calculate the Guidelines range or by failing to consider the § 3553(a) factors. See *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court is not required to consider every argument a defendant makes, but it must address the defendant's principal arguments that are "not so weak as to not merit discussion." *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009) (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). If an argument of recognized legal merit has a factual basis but the district court fails to mention it, the court may have erred by failing to exercise its sentencing discretion. See *Cunningham*, 429 F.3d at 679.

Once a reviewing court has ensured itself that the sentencing procedure was proper, it reviews the substantive reasonableness of a sentence for an abuse of discretion and, on appeal, a correctly calculated, within-Guidelines sentence is entitled to a presumption of reasonableness. See *Rita v. United States*, 551 U.S. 338, 347 (2007). This presumption is also applied to below-Guidelines sentences. See *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

## III.  Discussion

Neither party objects to the calculation of the applicable Guidelines range of 97-120 months, which incorporates the 10-year statutory maximum for 18 U.S.C. § 2252(a)(4)(B). After reviewing the calculation, we have no reason to doubt that it was correctly computed. Instead, Pape argues that the district court ignored his four non-frivolous arguments in support of his recommendation for a two-year sentence. We address each one.

### A.  The district court properly addressed Pape's arguments concerning his personal history and characteristics and his family responsibilities.

First, Pape contends that the district court's statement, reproduced above, that it did not have authority to balance the good and bad parts of him was an admission that it did not consider the defendant's history and characteristics in sentencing him. It appears that the district court was merely stating that it was not authorized to render

final judgment on the defendant's life and, in effect, emulate God at the Last Judgment. See *United States v. Christiansen*, 594 F.3d 571, 576-77 (7th Cir. 2010) (rejecting an argument regarding a claim that the district court failed to consider the defendant's history and characteristics based on similar language used at the sentencing hearing). Moreover, the district court's oral statement is augmented by the Statement of Reasons the district court issued after the sentencing hearing. See *United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009) (evaluating both oral and written statements to determine whether the sentencing explanation was sufficient); *Goldberg*, 491 F.3d at 671 (same); cf. *United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006) (declining to limit the appellate court's review to the written statement of reasons); but see *United States v. Omole*, 523 F.3d 691, 700 (7th Cir. 2008) (finding that the sentence was unreasonable in part because the district court's statements at the sentencing hearing were contradicted by a subsequent written document that explained the court's reasons for deviating from the Guidelines). We have encouraged district courts to commit their sentencing decisions to paper in certain contexts to "create[ ] a surer path of communication with the reviewing court." See *United States v. Higdon*, 531 F.3d 561, 565 (7th Cir. 2008). We must balance this suggestion with the acknowledgment that a district court must "state in open court the reasons for its imposition of the particular sentence." See 18 U.S.C. § 3553(c); see also Fed. R. Crim. P. 43(a)(3) ("[T]he defendant must be present at sentencing."). We will not disregard the statement made in open court, but

we read the district court's Statement of Reasons as an aid to the interpretation of its oral statement.

The district court's Statement evaluates the mixed picture revealed in the defendant's history of an active community member and a good father with no criminal background who also exhibited bad behavior in his private life. Consequently, the district court gave explicit consideration to the defendant's history and characteristics in sentencing Pape as required by § 3553(a)(1) and committed no procedural error. See *United States v. Jung*, 473 F.3d 837, 844-45 (7th Cir. 2007); cf. *United States v. Williams*, 553 F.3d 1073, 1085 (7th Cir. 2009) (remanding for resentencing because the district court ignored defendant's arguments regarding his mental illness). Pape's arguments that the district court's choice of words quoted above suggested improper sentencing procedure are not well taken.

Second, Pape argues that the district court erred by failing to consider pertinent policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a)(5). He highlights the policy statement U.S.S.G. § 5H1.6, n.1, which discourages a sentencing court from reducing the sentence of a defendant with care-taking obligations unless the defendant has exceptional family responsibilities. See U.S.S.G. § 5H1.6 n.1(B). As Pape concedes, this Guideline is inapplicable because he was convicted of an offense under chapter 110 of Title 18. See U.S.S.G. § 5H1.6. The district court was certainly authorized to disregard the referenced part of the policy statement. There is no policy of the Sentencing Commission that

militates in favor of giving weight to the caretaking responsibilities of someone who has been convicted of possession of child pornography, even if his caretaking responsibilities are extraordinary.[2] The district court did not need to discuss Pape's argument grounded in § 3553(a)(5) as "potentially meritorious." See *Cunningham*, 429 F.3d at 678.

The government acknowledges, however, that the district court retained discretion to consider Pape's caretaking responsibilities as part of its § 3553(a) analysis. See *United States v. Schroeder*, 536 F.3d 746, 755-56 (7th Cir. 2008) ("Although the concept of departures has been rendered obsolete in post-*Booker* sentencing the

[2] Pape highlights several district court memoranda and orders in which a court considered a downward adjustment for family responsibilities in child pornography cases to argue that his policy arguments merited discussion. The Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT), amended the Guidelines to include the proviso that § 5H6.1 does not apply to those convicted of offenses under chapter 110 of title 18, such that those district court cases are not interpreting the same Guidelines as the district court in the present appeal. See Pub. L. No. 108-21 § 401(b)(4), 117 Stat. 650, 669. See *United States v. Bailey*, 369 F. Supp. 2d 1090, 1091, 1100 (D. Neb. 2005) (applying the 2001 Guidelines and noting that "[h]ad I been required to apply the 2003 law, and the Guidelines as amended in relationship thereto, one wonders whether this case would have warranted a variance or deviation from the advisory Guidelines since a departure would have been otherwise prohibited."); *United States v. Artim*, 944 F. Supp. 363, 369-70 (D. N.J. 1996).

district court may apply those departure guidelines by way of analogy in analyzing the section 3553(a) factors.") (internal citations omitted); *United States v. Millet*, 510 F.3d 668, 680 (7th Cir. 2007) (remanding to ensure that the district court imposed its sentence with the understanding that it had the discretion to consider the defendant's family circumstances). As noted above, however, the district court heard Pape's arguments regarding his responsibility for his children and the special difficulties of raising a child with autism. In sentencing Pape, the district court mentioned his parenting responsibilities and his failure to convince his family that he had a problem with child pornography. Cf. *United States v. Schroeder*, 536 F.3d at 756 (remanding for resentencing because the district court explicitly rejected consideration of any hardship on the defendant's family). Pape's procedural arguments for the district court's consideration of his history, characteristics and parenting responsibilities are unavailing given the district court's consideration and discussion of these subjects in shaping its sentence.

### B. The district court properly considered Pape's concerns with the child pornography Guidelines.

Pape urged the district court to disregard the child pornography Guidelines because, he argues, like the crack Guidelines discussed in *Kimbrough v. United States*, 552 U.S. 85 (2007), they do not reflect the result of careful study based in empirical analysis and national experience. See, e.g., *Huffstatler*, 571 F.3d at 622-23 (collecting district

court cases relying on this rationale). As Pape notes, we recently rejected an argument that the child pornography Guidelines were invalid because of these purported flaws, and we therefore upheld Guideline § 2G2.2 as a starting point for sentencing those convicted of offenses involving child pornography. See *id.* at 623-24 (noting that the crack guidelines discussed in *Kimbrough* are still valid and a district court's within-crack-guidelines sentence may be reasonable). We left open the question whether, by analogy to *Kimbrough*, the district court has the discretion to disagree with the child pornography Guidelines on policy grounds. See *id.* at 623.

Pape's argument is not the one we rejected in *Huffstatler*. Instead, he argues that the district court failed to consider his "non-frivolous argument that [the] Guideline produces an unsound sentence in the particular circumstances of the case." *United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009) (holding that a district court is free to leave for appellate review an argument that the guideline is universally invalid). As the parties note, it is well accepted that courts may deviate from the Guidelines in particular cases, and that the district court should ensure that its sentences reflect the § 3553(a) factors. See *Rita*, 551 U.S. at 351. As we have recently explained, more broadly, "[w]e understand *Kimbrough* and *Spears* to mean that district judges are at liberty to reject *any* Guideline on policy grounds-though they must act reasonably when using that power." *United States v. Corner*, No. 08-1033, ___ F.3d ___, 2010 WL 935754, at *2 (7th Cir. Mar. 17, 2010) (en banc) (citing, *inter alia*, *Kimbrough* and *Spears v. United States*, 129 S.Ct. 840, 843-44 (2009)).

In the present case, the district court was aware of its discretion to vary based on disagreements with the Guideline as it applied to Pape. At sentencing, Pape argued that the child pornography Guidelines had "gone through the roof in direct response to Congressional politically-based directives." And the district court interjected: "[p]assed by Congress," to which Pape responded:

> I understand, but not mandatory minimums. Congress could have passed a statute. They didn't. Instead they directed the Sentencing Commission to step outside the Sentencing Commission's role. I also know, Your Honor, and I don't know if we need to get into a specific recitation of cases, but I am aware of other cases that Your Honor has sentenced below the child pornography guidelines based specifically on this argument. So it's not a Congressional directive that the Court has to do it.

Consequently, Pape acknowledged that the district court understood its own discretion. In imposing Pape's sentence, the court implicitly declined to exercise that discretion and to accept Pape's argument that deficiencies in the Guideline meant that he should receive a two-year sentence. See, e.g., *United States v. Poetz*, 582 F.3d 835, 838-40 (7th Cir. 2009) (holding that when it is apparent from the record that the district court understood the defendant's argument, it may implicitly reject it, especially when the sentence is below-Guidelines). Instead, the district court sentenced Pape based on his history, his possible failure to admit to his family that he had committed the offenses charged, and the particular circum-

stances of his offense. In short, the district court applied the § 3553(a) factors as it was required to do and thoughtfully imposed a sentence that was reasonable in light of the relevant statutory factors. It committed no error by declining to explain its precise position on the general debates regarding the child pornography Guideline, but confined its discussion to the defendant at hand and sentenced accordingly and reasonably.

### C. The district court adequately considered unwarranted disparities in pornography sentences.

Pape argues that the district court failed to consider his evidence of an unjustified difference in the length of sentences across districts among defendants convicted of pornography crimes. As noted, Pape submitted data from the Sentencing Commission. The district court did not mention these statistics in either its sentencing hearing or in the subsequent Statement of Reasons, although it explained that it was sentencing in accordance with the statutory factor that requires consideration of unwarranted disparities. It then imposed a sentence below the Guidelines range and, according to the Sentencing Commission's then-recent statistics, below the national median pornography sentence.

We have recently held, citing observations made by the Supreme Court in *Gall*, that a district court judge necessarily considers unwarranted disparities among defendants when it decides to impose a within-Guidelines sentence. See *Bartlett*, 567 F.3d at 908 (citing *Gall*, 552 U.S. at 54). Likewise, in its Statement of Reasons, the district

court acknowledged its responsibility pursuant to § 3553(a)(6) to avoid unwarranted disparities among similarly situated offenders. Moreover, Pape presented no analysis to explain the disparities—perhaps the differences were justified because of differences in the types of charges or other differences among defendants. Without more, Pape's argument lacks substance. As we have highlighted, only *unwarranted* disparities are impermissible in sentencing. See *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009). Here, where the district court applied a slightly below-Guidelines sentence and specifically noted that it imposed a sentence to achieve parity with similarly situated offenders, it did not err by declining to address in depth Pape's argument regarding the differences in sentences.

Given the district court's consideration of Pape's arguments and its articulation of a sentence based on the § 3553(a) factors, we have no reason to conclude that it committed procedural error or imposed an unreasonable sentence when it sentenced him below the applicable Guidelines range. The judgment of the district court is therefore

AFFIRMED.