**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**

**Chicago, Illinois 60604**

Submitted August 25, 2010

Decided August 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1361

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-CR-112-C-01 |
| | |
| CHAVIS WEBSTER, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Chavis Webster pleaded guilty to distributing heroin, 21 U.S.C. § 841(a)(1), and was sentenced to 216 months' imprisonment to be followed by 36 months of supervised release. Webster filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We confine our review to the potential issues identified in counsel's facially adequate brief and Webster's response. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first addresses whether Webster could challenge his guilty plea. But Webster did not respond when counsel asked if he wants his guilty plea set aside, nor has Webster expressed dissatisfaction with the plea in his Rule 51(b) response. There is no basis

to conclude that Webster wishes to rescind his plea, so counsel need not have explored the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next examines whether Webster could challenge his prison sentence, but counsel has not identified any potential issue apart from a claim that the term is unreasonable. Counsel does not see even a colorable argument about the guidelines calculations, and though in his Rule 51(b) response Webster proposes to argue that he should not have received a two-level upward adjustment for possession of a firearm, *see* U.S.S.G. § 2D1.1(b)(1), that contention is waived because it was presented and then expressly abandoned at sentencing, *see United States v. Canady*, 578 F.3d 665, 669 (7th Cir. 2009), *United States v. Jaimes-Jaimes*, 406 F.3d 845, 847 (7th Cir. 2005). And as far as the length of the prison term, a reasonableness argument would be frivolous because the district court sentenced Watkins to 216 months' imprisonment—19 months below the bottom of the guidelines range—and counsel cannot articulate any basis to challenge the presumption of reasonableness that applies. *See United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.