NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2010
Decided October 29, 2010

*Before*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1124

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-CR-031-S-03 |
| | |
| ARTHUR CONNER, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

### O R D E R

Arthur Conner was convicted by a jury of distributing crack cocaine, *see* 21 U.S.C.
§ 841(a)(1), and initially sentenced to a term of life imprisonment. In a previous appeal,
Conner argued that his sentence was unreasonable in light of the 100:1 disparity between
sentences for selling crack and powder cocaine. We vacated Conner's sentence and
remanded for further consideration in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).
*United States v. Conner*, 583 F.3d 1011 (7th Cir. 2009). On remand the district court (Judge
Crabb stepping in for Judge Shabaz while he was on medical leave) imposed a term of 25
years, 5 years below his guidelines range of 30 years to life. Conner filed a notice of appeal,
but his appointed counsel now seeks to withdraw because he cannot identify any
nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We confine

our review to the potential issues identified in counsel's facially adequate brief and Conner's response.  *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first examines whether Conner could argue that the district court erred by not conducting a full resentencing on remand.  But the "scope of a district court's power on remand is determined by the language of the order of remand," *United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005), and here we remanded on the basis of *Kimbrough* "so that the district court [could], in its discretion, consider Conner's arguments regarding the 100:1 ratio."  *Conner*, 583 F.3d at 1027.  Given this language circumscribing the scope of the remand, we would not conclude that the district court erred by confining its review to issues relating to *Kimbrough*.

Counsel also considers whether Conner could challenge the district court's finding on resentencing that he was responsible for 1.7 kilograms of crack.  But in his first appeal Conner did not challenge the initial drug quantity finding (a range of 1.7 to 7.5 kilograms), and the law-of-the-case doctrine precludes him from challenging it now.  *United States v. Sumner*, 325 F.3d 884, 891-92 (7th Cir. 2003).

Counsel next examines whether Conner could argue that his 25-year prison sentence is unreasonable.  But a reasonableness argument would be frivolous because Conner's sentence was five years *below* the bottom of the guidelines range, and we would presume any below-guidelines sentence to be reasonable.  *See United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).  Conner would not be able to rebut that presumption given the district court's meaningful consideration of the sentencing factors under 18 U.S.C. § 3553(a).  *See United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009).  The court considered Conner's history of violence, both generally and against women in particular, his constant failure to abide by terms of supervised release, as well as his family members' assertions that he could be a productive member of society, in reaching its below-guidelines sentence.

Last, counsel considers whether Conner could raise an ineffective assistance of counsel claim on appeal.  But a claim of ineffective assistance would more properly be presented on collateral review, where the record could be more fully developed.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

The only potential issue Conner identifies is whether the district court erred in imposing—without explanation—a sentence consecutive to the balance of a state sentence he was serving on unrelated charges.  This argument would be frivolous, however, because

the Sentencing Guidelines recommend that consecutive sentences be imposed when the defendant, as here, was on probation at the time of the offense and had such probation revoked.  U.S.S.G. § 5G1.3(c) cmt. 3(c).  *United States v. Broadnax*, 536 F.3d 695, 702 (7th Cir. 2008).  We also note that Conner did not argue for concurrent sentences at resentencing.

The motion to withdraw is GRANTED and the appeal is DISMISSED.