**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010[*]
Decided November 4, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-4016

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 726-8 |
| GERARDO GUZMAN-MARTINEZ, *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Gerardo Guzman-Martinez was removed to Mexico in late 2004 after a conviction for robbery. He promptly returned to the United States unlawfully and for the next three and a half years conspired with more than 20 others to produce counterfeit resident alien cards, social security cards, driver's licenses, and state identification cards. The document fraud generated annually revenues exceeding $1 million. Guzman-Martinez solicited customers

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

and sold these documents on street corners in the Little Village neighborhood of Chicago. He was charged in 2008 with conspiring to produce false identification documents and with being in the United States without authorization. *See* 18 U.S.C. §§ 371, 1028(a)(1), 1546(a); 8 U.S.C. § 1326(a). He pleaded guilty to both charges and was sentenced to a total of 76 months' imprisonment and two years' supervised release.

Guzman-Martinez filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Guzman-Martinez has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Garcia*, 580 F.3d 528, 543 (7th Cir. 2009). Guzman-Martinez does not want his guilty pleas vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has identified only one potential issue for appeal: whether Guzman-Martinez could challenge the reasonableness of his overall prison sentence. The total term of 76 months is within the properly calculated guidelines range of 70 to 87 months, and counsel is not aware of any basis to challenge the presumption of reasonableness applicable to a sentence within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) and the arguments offered in mitigation by Guzman-Martinez, including his difficult upbringing, his drug abuse, the hardship that a lengthy sentence would cause his family, the absence of a "fast track" program in the district, and his inferior position in the hierarchy of the conspiracy. But the court concluded that the seriousness of the offenses and his extensive criminal history outweighed these mitigating factors. *See Pape*, 601 F.3d at 749. We would not conclude that the court abused its discretion in making that assessment, and thus counsel is correct that any challenge to the reasonableness of the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.