NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010
Decided December 22, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2239

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-94-BBC-01 |
| RAYMOND M. DAVIS, SR., *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Based on a tip from a confidential informant linking Raymond Davis's son to drug trafficking and weapons possession, police executed a search warrant for Davis's home. During the search Davis pointed police to a handgun and ammunition he stored in his closet. Although he knew that his prior felony conviction for conspiring to distribute heroin made it illegal for him to possess a firearm, Davis told police that he kept the gun for protection because his family had been the victim of a brutal home invasion. Police arrested Davis, and he later pleaded guilty to possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 24 months' imprisonment, three months below the bottom of his guidelines range. Davis appeals, but his appointed lawyer has moved to withdraw because he cannot identify a nonfrivolous argument to pursue. *See*

*Anders v. California*, 386 U.S. 738 (1967). Davis has not responded to our invitation to comment on counsel's submission, *see* CIR. R. 51(b), so we confine our review to the two potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Davis could argue that the district court erred in denying his motion to dismiss the indictment. Based on *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), Davis had argued in the district court that 18 U.S.C. § 922(g)(1) was unconstitutional because it impermissibly infringed on his Second Amendment right to possess a gun even for purposes of protecting his home and family. The district court denied the motion, relying on *Heller*'s often quoted dictum that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 128 S. Ct. at 2816-17. As counsel notes, any constitutional challenge to § 922(g)(1) would be foreclosed by the Supreme Court's recent decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3047 (2010) (plurality opinion), where it "repeat[ed] [its] assurances" that *Heller*'s dictum regarding disqualification of firearms possession by felons was valid. *See also United States v. Williams*, 616 F.3d 685, 691-92 (7th Cir. 2010), *cert. denied*, 2010 WL 4363726 (U.S. Dec. 6, 2010); *United States v. Skoien*, 614 F.3d 638, 640-41 (7th Cir. 2010) (en banc), *petition for cert. filed*, (U.S. Oct. 12, 2010) (No. 10-7005). Thus, we agree with counsel that it would be frivolous to challenge the district court's denial of Davis's motion.

Counsel has also evaluated whether Davis could challenge the reasonableness of his sentence. But as counsel correctly points out, the district court properly calculated Davis's guidelines range, and there is no basis for disturbing the presumption of reasonableness we accord his below-range sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court calculated a guidelines range of 27 to 33 months based on a category II criminal history and a total offense level of 17, which included a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In deciding to impose a 24-month sentence, the court considered the sentencing factors under 18 U.S.C. § 3553(a), emphasizing the serious nature of the crime, Davis's need for rehabilitative programs in light of his lengthy history of drug addiction and his prior felony conviction for drug conspiracy. The court rejected Davis's request to be sentenced to a term of probation or home detention, but acknowledged his recent success in treating his heroin addiction, his strong family ties, and his long history of steady employment. Under these circumstances, Davis's 24-month sentence was reasonable, and it would be frivolous to argue otherwise.

We therefore GRANT the motion to withdraw and DISMISS Davis's appeal.