**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011
Decided February 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3163

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 09-CR-30166-001-MJR |
| | |
| SELENA M. BRADFORD, | Michael J. Reagan, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Selena Bradford pleaded guilty to conspiracy to commit mail and bank fraud, use of a fictitious name and address in furtherance of mail fraud, aggravated identity theft, access device fraud, and misuse of a social security number. *See* 18 U.S.C. §§ 1349, 1341, 1344, 1342, 1028A(a)(1), 1029(a)(2); 42 U.S.C. § 408(a)(7)(B). The court sentenced her within the guidelines range to a total of 132 months' imprisonment and ordered restitution of $122,943.72. Bradford filed a notice of appeal, but her appointed lawyer seeks to withdraw because she cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Bradford has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Bradford does not want her guilty pleas vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Bradford could challenge the district court's calculation of the guidelines range, but concludes that any such challenge would be frivolous. The court grouped the counts relating to mail fraud, use of a fictitious name and address, access device fraud, and misuse of a social security number because the offense level for each of these counts is determined largely by the total harm or loss, *see* U.S.S.G. § 3D1.2(d); *United States v. Wilson*, 98 F.3d 281, 282 (7th Cir. 1996), and calculated a total offense level of 28. Based on this offense level and Bradford's criminal history category of II (based on her prior conviction for grand theft, *see* U.S.S.G. § 4A1.1(b)), the court calculated a guidelines range of 87 to 108 months' imprisonment. Noting that aggravated identity theft carries a two-year imprisonment term, 18 U.S.C. § 1028A(a)(1), and that § 1028A(b)(2) mandates a two-year sentence to run consecutively to the sentence for the other offenses, the court properly assessed Bradford's guidelines range as 111 to 132 months.

Counsel next considers whether Bradford could challenge the reasonableness of her sentence, but correctly rejects pressing such a challenge. The total term of 132 months' imprisonment is within the properly calculated guidelines range, and counsel cannot identify any basis to challenge the presumption of reasonableness applicable to a within-range sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). In deciding to impose a sentence at the top of the range, the district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) as well as the arguments offered in mitigation by Bradford, including her difficult upbringing, her drug abuse, her mental health problems, and her history of physical and emotional abuse. The court focused on the seriousness of the offenses, noting that the mitigating factors were outweighed by the large number of victims. The judge characterized this as the most serious identity theft case he had ever seen, and described Bradford as an "unmitigated thief" who stole for greed. He also noted that Bradford's criminal history, including a conviction for grand theft of an automobile, reflected a risk of recidivism.

Finally, counsel considers whether Bradford could challenge the district court's order for restitution, but properly concludes that such a challenge would be frivolous. The restitution amount was correctly based on the undisputed amount of actual loss she caused. *See United States v. Dokich*, 614 F.3d 314, 318-19 (7th Cir. 2010). In her plea agreement, Bradford explicitly waived any argument that the property she forfeited to the United States should offset the restitution amount. Moreover, even if it were not waived, such an argument would be frivolous because forfeiture serves a different purpose than restitution

and need not offset a restitution award. *See United States v. Venturella*, 585 F.3d 1013, 1019-20 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.