In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3976

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM TRAVIS BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 4:08-CR-06-01—**David F. Hamilton**, *Chief Judge.*

ARGUED JANUARY 12, 2011—DECIDED MARCH 7, 2011

Before KANNE and TINDER, *Circuit Judges*, and
HERNDON, *District Judge.**

KANNE, *Circuit Judge.* William Travis Brown was con-
victed in federal district court of one count of possession
of child pornography and one count of transportation

* The Honorable David R. Herndon, Chief Judge of the
United States District Court for the Southern District of
Illinois, sitting by designation.

of child pornography. The court issued Brown a below-guidelines sentence of 240 months' imprisonment. Brown appeals his sentence, arguing that the district court improperly applied a sentence enhancement under U.S.S.G. § 2G2.2(b)(3)(B) and that it did not consider the relationship between Brown's sentence and sentences imposed for other serious sexual crimes against children. We reject Brown's arguments and affirm his sentence.

## I. BACKGROUND

Sometime in 2006 or 2007, federal law enforcement agents learned that someone had been exchanging child pornography on the Internet from a computer located in Brown's residence in Georgetown, Indiana. On March 20, 2007, agents executed a search warrant for the house. The agents seized a computer and several CDs, all of which a forensic specialist later examined. The specialist found over one thousand pornographic images of prepubescent girls stored on the computer and CDs. Some of the images depicted sadistic conduct. Some portrayed vaginal penetration of prepubescent girls by adult men.

The forensic specialist also found several software programs that allowed Brown to communicate with others and share files online. On one of these programs, Brown had designated several chat rooms for chatting about sex with young girls as "favorites"—allowing him quick access to these rooms upon logging in. Brown used these programs to trade pornographic images of underage girls. While exchanging images, Brown dis-

cussed child pornography preferences with other users. He distributed images of prepubescent girls engaged in sex acts with adult men, once asking a trading partner if images of four-year-old girls were acceptable. He described his preference for pictures of young girls actively engaged in sexual activity.

Brown also chatted online about his interest in having sex with young girls. During one discussion, Brown lamented that all his children were boys and said he wished for a daughter so he could have sex with her. In another, he claimed to have had sex with his nieces. At least once, Brown tried to arrange a sexual encounter with an underage girl. While chatting online with a woman he had met in person—a resident of the group home where Brown's wife worked—Brown discussed the possibility of paying the woman's thirteen-year-old daughter to have sex with him while the woman watched.

Based on the images on Brown's computer and on evidence that he had exchanged some of these images, Brown was convicted of one count of possession of child pornography and one count of transportation of child pornography. During sentencing, the district court determined Brown's offense level to be 40. This included a five-level enhancement for "[d]istribution for the receipt, or expectation of a receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). The district court sentenced Brown to concurrent terms of imprisonment: 240 months for the transportation count and 120 months for the possession count. Brown timely appealed his sentence.

## II. ANALYSIS

Brown argues that the district court's application of the § 2G2.2(b)(3)(B) "thing of value" enhancement was impermissible double counting. He also argues that the district court did not consider the relevant 18 U.S.C. § 3553(a) factors and that his final sentence was unreasonable. We review *de novo* whether the district court impermissibly double counted Brown's conduct in its calculation of the applicable guidelines range.[1] *United States v. Tenuto*, 593 F.3d 695, 697 (7th Cir. 2010). We also review *de novo* the question of whether the district court properly considered the § 3553(a) sentencing factors. *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). We review the reasonableness of the sentence for an abuse of discretion. *Id.*

### A. Double Counting and U.S.S.G. § 2G2.2(b)(3)(B)

Brown argues that his possession and transportation of child pornography convictions entirely account for the behavior underlying the "thing of value" enhancement, so application of the enhancement is impermis-

---

[1] The government argues that Brown did not make a double-counting argument before the district court and that this argument should therefore be waived or that the issue should be reviewed for plain error. But a generous reading of Brown's sentencing memorandum and the sentencing transcript reveals a double-counting argument. This argument, though cursory, preserves Brown's argument on appeal.

sible double counting. First, he argues that mere transportation constitutes "distribution" under § 2G2.2(b)(3)(B). Our precedent strongly suggests otherwise. *See Tenuto*, 593 F.3d at 697-98 (concluding that, while the two are closely related, transportation of child pornography does not constitute distribution for the purpose of a § 2G2.2(b)(3) enhancement). Brown argues—against all logic—that mere transportation constitutes "distribution" under § 2G2.2(b)(3)(B), which applies here, while § 2G2.2(b)(3)(F), which applied in *Tenuto*, requires more. But "distribution" is defined for both subsections as "any act, including . . . transportation, *related to the transfer* of material involving the sexual exploitation of a minor." § 2G2.2 cmt. n.1 (emphasis added). Mere transportation is not distribution for any subsection of § 2G2.2(b)(3). To constitute distribution, the transportation (or other applicable "act") must be related to a transfer of child pornography.

Brown next argues that the "thing of value" enhancement was impermissible double counting because the relevant thing of value was the image underlying his possession conviction. Double counting exists "only if the offense itself *necessarily* includes the same conduct as the enhancement." *United States v. Senn*, 129 F.3d 886, 897 (7th Cir. 1997) (emphasis in original). The question, then, is whether the statute under which the defendant was convicted "covers more conduct than the enhancement." *United States v. Rodgers*, 610 F.3d 975, 979 (7th Cir. 2010). Brown was convicted of transporting and possessing child pornography in violation of 18 U.S.C. § 2252(a)(1) and (a)(4)(B). Certainly, one can transport and possess child pornography without receiving or

expecting to receive a thing of value. So the "thing of value" enhancement was based on the aggravating features of Brown's conduct, not on the elements of the offenses for which Brown was convicted. Application of the enhancement was not double counting.

### B. Reasonableness and § 3553(a)

The district court sentenced Brown to 240 months' imprisonment, below the guidelines-recommended range of 292 to 365 months. Brown claims this sentence is unreasonably severe. The only error he alleges is failure to consider the disparity between his sentence and lower sentences imposed for other—allegedly more serious—sexual crimes against children. He argues the district court may not have recognized its authority to depart from the guidelines to remedy this disparity. As evidence, he cites *United States v. Pape*, in which we noted that prior cases had "left open the question whether . . . the district court has the discretion to disagree with the child pornography Guidelines on policy grounds." 601 F.3d at 748. Before *Pape*, Brown argues, a district court could not have known it was authorized to depart from the guidelines to remedy the disparity.

But the rest of our discussion in *Pape* undermines Brown's argument. Even though the district court in *Pape* could not have had the benefit of our pronouncement on the matter, we found that "the district court was aware of its discretion to vary based on disagree-

ments with the Guideline." *Id.* at 749. We ultimately held that the district court did not err by not "explain[ing] its precise position on the general debates regarding the child pornography Guideline." *Id.*

Here, the district court went beyond what we deemed sufficient in *Pape*. Not only did the district court explicitly recognize its discretion to deviate from the guidelines based on comparisons between Brown's crime and other serious crimes, it actually made such comparisons—including a comparison between Brown's offense and the offense of violent sexual assault on a child. Based on these comparisons, the district court imposed a sentence more than five years shorter than the shortest sentence within the guidelines range.

The district court properly based Brown's sentence on the § 3553(a) sentencing factors. It accounted for the sentences applicable to other serious offenses. It also based its decision on the scale of Brown's collection and trading, Brown's disturbing and graphic discussions related to his trading, his demonstrated interest in carrying out the fantasies that motivated his offenses, and his personal history and characteristics. On these bases, the district court imposed a reasonable sentence of 240 months' imprisonment.

### III. CONCLUSION

In sentencing Brown, the district court properly applied the § 2G2.2(b)(3)(B) "thing of value" enhancement and properly considered the § 3553(a) sentencing factors.

We therefore AFFIRM the sentence the district court im-posed upon Brown.