NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011
Decided March 31, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2488

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09CR30049-001-DRH |
| BILL L. WILMOTH III, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Bill L. Wilmoth III pleaded guilty to two counts of possession of child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B), and was sentenced to 109 months' imprisonment. Wilmoth filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Wilmoth has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Wilmoth does not want his guilty pleas vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel cannot identify any error in the district court's calculation of the guidelines imprisonment range. Although counsel incorrectly states that Wilmoth may not challenge the district court's guidelines calculation because he failed to object to it at sentencing—we may still review for plain error, *see United States v. Jumah*, 599 F.3d 799, 811 (7th Cir. 2010)—counsel is correct that any challenge to the guidelines calculation would be frivolous. The district court properly calculated a guidelines range of 97 to 120 months based on a criminal history category of 1 and a total offense level of 30, which included adjustments for material involving prepubescent minors, *id.* § 2G2.2(b)(2); material containing depictions of violence *id.* § 2G2.2(b)(4); use of file-sharing software, *id.* § 2G2.2(b)(3)(F); use of a computer to possess, transmit, receive, or distribute material, *id.* § 2G2.2(b)(6); possession of more than 600 images of child pornography, *id.* § 2G2.2(b)(7)(D); and acceptance of responsibility, *id.* § 3E1.1. Counsel cannot identity any reason to disregard the presumption of reasonableness accorded a within-range sentence like Wilmoth's, nor can we. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010).

Counsel next evaluates whether Wilmoth could challenge the district court's assessment of the sentencing factors in 18 U.S.C. § 3553(a), but correctly concludes that such a challenge would be frivolous. In particular counsel considers whether Wilmoth could argue that the district court disregarded his main argument in mitigation that he had undergone a religious conversion and did not present a risk of being a recidivist. But the court did consider this argument and did not believe that Wilmoth's religious conversion was genuine—a determination that is entitled to deference. *See United States v. Williams*, 553 F.3d 1073, 1083 n.3 (7th Cir. 2009). The district court also considered the other § 3553(a) factors, and noted the substantial amount of child pornography in Wilmoth's possession.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.