**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011
Decided April 12, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3578

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-CR-54-BBC-01 |
| | |
| SHUMOND M. LONG, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Shumond Long was arrested after he and a coconspirator sold ten grams of crack cocaine to an undercover federal agent in a Wisconsin Dells bar and grill. Long pleaded guilty to conspiring to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 84 months' imprisonment. Long filed a notice of appeal, but his appointed lawyer moves to withdraw, having identified no arguable issue to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Long has not accepted our invitation to respond to counsel's motion. *See* Cir. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Long has given no indication that he wants his guilty plea vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first evaluates whether Long could challenge the calculation of his guidelines range, but rightly concludes that any such challenge would be frivolous. As counsel notes, Long agreed with the probation officer's determination that he faced a guidelines range of 168 to 210 months' imprisonment and the district court properly adopted that calculation (based on a total offense level of 33 and a criminal history category of III).

Counsel next considers whether Long could argue that his 84-month prison sentence is substantively unreasonable. Here the district court specifically discussed the factors in 18 U.S.C. § 3553(a) and imposed a sentence that was one half the bottom of the guidelines range to ameliorate the disparity between sentences for crack and powder cocaine. Counsel can think of no reason why the presumption of reasonableness to below-range sentences would not stand, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), nor can we.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.