**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2011
Decided September 23, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3983

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-20047-001 |
| | |
| TYRAN BASCOMB, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Tyran Bascomb is before us a second time. We previously remanded for resentencing at the urging of both parties, and Bascomb, who once again was sentenced to 110 months in prison, has appealed anew. This time his appointed lawyer seeks to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Bascomb has not accepted our invitation to comment on counsel's submission. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Bascomb, along with his girlfriend and another passenger in his van, were stopped by police investigating a report of a man seen with a gun. Under Bascomb's seat the police found a handgun, and inside his girlfriend's purse the officers found crack cocaine packaged for distribution, a small scale, and plastic sandwich bags. Bascomb's motel room was searched, but no more drugs were found. He later confessed to selling crack and admitted owning the drugs and paraphernalia in the purse.

Bascomb, a felon, pleaded guilty to possessing the gun. *See* 18 U.S.C. § 922(g)(1). In the presentence report the probation officer recommended applying a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6) on the ground that Bascomb had possessed the gun "in connection with" another felony offense, i.e., possession of crack with intent to distribute. In making this recommendation the probation officer mistakenly reported that Bascomb had "acknowledged that the crack cocaine found in the *motel room* was his." Of course there wasn't any crack found in the motel room, but instead of clarifying that the probation officer had meant to say *van*, the parties allowed the district court to wrongly assume that crack was found in *both* locations. And, worse, the parties also allowed the court to wrongly conclude that Bascomb hadn't confessed to owning the crack found in the van, so the judge analyzed § 2K2.1(b)(6) as if the gun had been found a considerable distance from the crack Bascomb was selling. According to the judge, Bascomb couldn't be given the 4-level increase on the basis of the crack in the van because "[t]here's no nexus that he knows what's in the purse." Even so, the court continued, the gun and the drugs did not have to be in the same place, and it was fair to infer that Bascomb had a gun in his van to facilitate his possession of the crack thought to be in his motel room. On that basis the court applied § 2K2.1(b)(6) and calculated a guidelines imprisonment range of 110 to 120 months. The court sentenced Bascomb to 110 months.

This application of § 2K2.1(b)(6) was the sole issue raised by Bascomb in his last appeal, and the probation officer's unchallenged misstatement that crack had been found in the motel room figured prominently in that argument. The government responded to Bascomb's appellate claim by confessing error and proposing a remand for resentencing, and we granted that relief. *United States v. Bascomb*, No. 10-1883 (7th Cir. Sept. 21, 2010). On remand the probation officer corrected the presentence report to clarify that Bascomb, after his arrest, had confessed that he owned the crack found in his girlfriend's purse. The district court adopted that factual statement without objection, and this time, with an accurate understanding of the events surrounding Bascomb's arrest, the court concluded that the presence of the gun in the van with the crack-laden purse supported the application of § 2K2.1(b)(6). Once more the court sentenced Bascomb to 110 months.

In his *Anders* brief counsel relates that he contemplated various grounds for appeal, including potential claims about the validity of Bascomb's guilty plea and the application of

sentencing guidelines other than § 2K2.1(b)(6). Most of that discussion was unnecessary, however, because this appeal is limited in scope. Arguments that were made *or could have been made* in the previous appeal cannot be raised now, *United States v. Swanson*, 483 F.3d 509, 514–15 (7th Cir. 2007); *United States v. Sumner*, 325 F.3d 884, 891–92 (7th Cir. 2003); *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002), so this appeal would be confined to claims about the district court's renewed application of § 2K2.1(b)(6) and the reasonableness of the sentence imposed on remand.

Counsel addresses both possibilities. As to § 2K2.1(b)(6), the district court based the adjustment on the fact that the gun was found near a stash of packaged crack that Bascomb admitted he owned and was selling, and given these uncontested facts we agree with counsel that it would be frivolous to challenge the adjustment. We construe expansively the phrase "in connection with" in § 2K2.1(b)(6), *see United States v. Waagner*, 319 F.3d 962, 966 (7th Cir. 2003); *United States v. Wyatt*, 102 F.3d 241, 247 (7th Cir. 1996), and the adjustment applies when a gun is found in "close proximity" to drugs because the "presence of the firearm has the potential of facilitating another felony offense," U.S.S.G. § 2K2.1 cmt. n.14(B)(ii); *see United States v. Waltower*, 643 F.3d 572, 578 (7th Cir. 2011); *United States v. Bryant*, 420 F.3d 652, 657 (7th Cir. 2005). Here, Bascomb's gun was near the drug-filled purse; he admitted that the drugs were his; and he admitted to selling cocaine. On these facts, the court reasonably inferred that Bascomb possessed the gun, an archetypal tool of the gun trade, in connection with his drug-trafficking activity. *See United States v. Meece*, 580 F.3d 616, 621 (7th Cir. 2009); *Bryant*, 420 F.3d at 657; *Wyatt*, 102 F.3d at 248.

Counsel has not identified any potential procedural error in the district court's assessment of an appropriate sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nor has counsel identified any reason to disregard the presumption of reasonableness applicable to Bascomb's prison sentence, which is at the bottom of the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The court treated the guidelines as advisory and evaluated the factors in 18 U.S.C. § 3553(a), including the seriousness of the offense, Bascomb's background and characteristics, his criminal history, the need to promote respect for the law and provide just punishment, and the need to deter others and protect the public. The court then imposed a sentence at the low end of the range. In light of the court's analysis, we agree with counsel that any challenge to Bascomb's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.