NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1885

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 10-CR-190 |
| | |
| SHAYNE R. MAGEE, | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Shayne Magee pleaded guilty to production of child pornography, 18 U.S.C. § 2251(a), after police in Oconto County, Wisconsin, found photographs on his computer of him engaging in sexually explicit conduct with his five-year-old stepdaughter. The district court adopted the guidelines imprisonment range of 210 to 263 months from the presentence investigation report and sentenced Magee in the middle of that range to 240 months. Magee filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Magee has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Magee does not want his guilty plea vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Magee could challenge his prison sentence, but he correctly concludes that any challenge to his sentence would be frivolous. Counsel cannot point to any procedural error in the district court's calculation of the guidelines range. Nor can he identify any reason to disregard the presumption of reasonableness applicable to sentences within that range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court evaluated the sentencing factors in 18 U.S.C. § 3553(a) and the arguments Magee offered in mitigation, including his difficult upbringing, history of depression, his lack of criminal history, and his remorse and acceptance of responsibility. But the court concluded that these mitigating factors were outweighed by the damage Magee did to the victim and a psychological evaluation noting the risk that Magee might reoffend.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.