NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012
Decided March 9, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3322

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-57-BBC-01 |
| JESUS ALMENDAREZ-CASTILLO, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Jesus Almendarez-Castillo pleaded guilty to illegal reentry after having previously been removed, 8 U.S.C. § 1326. The district court adopted the guidelines imprisonment range of 46 to 57 months from the presentence investigation report and sentenced Almendarez-Castillo to 27 months. Almendarez-Castillo filed a notice of appeal, but his appointed lawyer seeks to withdraw on the ground that all possible claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Almendarez-Castillo has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Almendarez-Castillo does not want his guilty plea vacated, so counsel properly omits any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Almendarez-Castillo could challenge his sentence but properly concludes that such a challenge would be frivolous. As counsel notes, we presume that a below-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel cannot identify any reason to disregard that presumption. The district court also properly applied the sentencing factors in 18 U.S.C. § 3553(a), even acknowledging that Almendarez-Castillo's reentry was motivated by a desire to help his family, that he had not engaged in any illegal activity since returning to the United States, and that his criminal history category of V, based mostly on convictions that were more than 20 years old, overrepresented his criminal past.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.