NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012
Decided September 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2204

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-119-BBC-01 |
| TIMOTHY WASHINGTON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge*. |

**O R D E R**

While serving a 360-month sentence on crack distribution charges, federal inmate Timothy Washington stabbed a fellow inmate 16 times with a metal shank. Washington pleaded guilty pursuant to a plea agreement to assault with a dangerous weapon and intent to do bodily harm, 18 U.S.C. § 113(a)(3). The district court sentenced him to 33 months' imprisonment—the bottom of his guidelines range. Washington filed a notice of appeal, but his counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Washington has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to those issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Washington does not want to challenge his guilty plea and thus properly refrains from discussing whether the plea was knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next considers whether it would be frivolous for Washington to challenge his 33-month sentence. Counsel correctly notes that the term is neither based on an incorrect calculation of the sentencing guidelines nor in excess of the ten-year statutory maximum, *see* 18 U.S.C. § 113(a)(3). As counsel recognizes, we would presume that Washington's within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel cannot identify any reason to disturb that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting the severity of the injuries of Washington's victim and the threat that the assault posed to the safety of the prison generally, *see* 18 U.S.C. § 3553(a)(1). In fact, the district court considered Washington's criminal history "clearly undercredited" by his criminal history score but nevertheless declined to increase his sentence in light of the lengthy prison term remaining for his original offense.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.