NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011
Decided February 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2134

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-147-C-01 |
| SCORPIO M. ROBINSON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Authorities in Madison, Wisconsin, began investigating Scorpio Robinson after finding guns and crack cocaine in his girlfriend's apartment. An undercover officer made a series of crack purchases by placing telephone orders with Robinson and receiving deliveries from his two coconspirators. Robinson was on electronic monitoring for several state cases and could not leave his apartment, so he "cooked" the crack and told the others where to deliver it. He pleaded guilty to conspiracy to possess and distribute crack, 21 U.S.C. §§ 846, 841(a)(1), which, because the amount of crack was at least 5 grams, carried a statutory minimum prison term of 5 years, *id*. §§ 846, 841(b)(1)(B)(iii). The district court calculated a guidelines imprisonment range of 108 to 135 months but sentenced Robinson below that range to 84 months plus 5 years' supervised release.

Robinson filed a notice of appeal, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous ground to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Robinson has not accepted our invitation to comment on counsel's submission. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Robinson has given no indication that he wants his guilty plea vacated, so counsel properly omits discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has evaluated whether Robinson might challenge the guidelines calculations or the length of his prison term but is unable to find a potential issue about either. As counsel notes, Robinson agreed with the probation officer's calculations, which the district court adopted without change. The court imposed a prison term 24 months below the low end of the guidelines range after assessing the factors in 18 U.S.C. § 3553(a) and considering Robinson's arguments in mitigation, including his family's support, the absence of previous felony convictions or significant jail time, evidence suggesting that he did not have a constant stream or large quantity of crack available to distribute, and the sentencing differential between crack and powder cocaine. Counsel cannot identify any reason to disregard the presumption of reasonableness applicable to sentences below the guidelines range, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), nor can we.

Counsel also questions whether Robinson could challenge his prison sentence in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (2010), which increased the amounts of crack cocaine necessary to trigger the enhanced statutory penalties in § 841(b)(1)(B)(iii). But counsel is correct that an appellate claim based on this enactment would be frivolous, not only because it was passed after Robinson's conspiracy ended and is not retroactive, *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), but also because the crack amount found by the district court—at least 35 grams—would yield a 5-year minimum even under the amended version of the statute, *compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2006) *with* § 2(a)(2), 124 Stat. at 2372.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.