NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 9, 2011
Decided March 17, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1779

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-81-C-01 |
| ANDRE PARSON, *Defendant-Appellant.* | Barbara B. Crabb, *Judge*. |

## O R D E R

Andre Parson pleaded guilty to possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 15 years in prison. He filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Parson has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's supporting brief is facially adequate, and we confine our review to the potential sentencing issue he discusses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Parson sold small amounts of crack to an informant, including twice on April 14, 2009. Immediately after the last transaction, police officers tried to arrest him, but Parson

ran and tossed away a plastic bag containing 53 grams of crack. He was caught and turned over to federal authorities. A grand jury charged in a one-count indictment that he violated § 841(a)(1) on April 14; the indictment specified that the amount of crack was 50 grams or more. That quantity, coupled with an enhancement information alleging that Parson already had a conviction for a felony drug offense, *see* 21 U.S.C. § 851, would have raised the maximum prison term from 20 years to life and the minimum from zero to 20 years, *id*. § 841(b)(1)(A)(iii); *United States v. Washington*, 558 F.3d 716, 719-20 (7th Cir. 2009).[1] Parson, who was 28 when he was sentenced, in fact had three convictions for felony drug offenses, and if the government had alleged a second conviction in its recidivism enhancement, he would have faced a mandatory life term based on 50 or more grams of crack. *See* 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. Carraway*, 612 F.3d 642, 646-47 (7th Cir. 2010).

As part of a plea agreement, Parson pleaded guilty to an information charging the same violation of § 841(a)(1), though the information alleges a drug quantity of 5 grams instead of 50 grams. The government retained the recidivism enhancement, which is referenced in the plea agreement. That written agreement represents that the parties' deal yielded a statutory maximum prison term of 40 years and a minimum of 10. The first number is incorrect, and the second is doubtful. Lowering the drug quantity from 50 grams to 5, if not for the recidivism enhancement, would have resulted in a 40-year maximum, since *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires that drug quantity be alleged and proved beyond a reasonable doubt if the government wants to take advantage of the higher statutory maximums in § 841(b)(1). *E.g.*, *United States v. Bowlin*, 534 F.3d 654, 662-63 (7th Cir. 2008). But for Parson, given the recidivism enhancement, either 50 *or* 5 grams of crack was enough to raise his statutory maximum to a possible life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii); *Washington*, 558 F.3d at 719-20. And since *Apprendi* does not apply at all to *minimum* penalties, *Harris v. United States*, 536 U.S. 545, 557 (2002), it is doubtful that the parties' attempt to plead around the 53 grams of crack for which Parson was found responsible had any effect on the presumptive minimum of 20 years. *Cf. Washington*, 558 F.3d at 720 (noting that defendant convicted of violating § 841(a)(1) had forfeited contention that, as a matter of statutory construction, sentencing court should not have "mixed and matched" maximum penalties from subsection (b)(1)(C) with minimum penalties in subsection (b)(1)(A)).

---

[1] In August 2010, Congress increased the amounts of crack necessary to prompt the enhanced statutory penalties in § 841(b)(1). *See* Fair Sentencing Act of 2010, PUB. L. NO. 111-220, 124 STAT. 2372-75. That enactment does not apply retroactively. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010).

The statutory penalties recited in the parties' agreement were repeated during the plea colloquy. But appellate counsel represents that Parson has no desire to challenge his guilty plea, so the lawyer appropriately omits from his brief any discussion about the adequacy of the colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Counsel instead evaluates whether Parson might argue that his 15-year prison sentence is unreasonably long. According to counsel, the district court correctly calculated the guidelines range and sentenced Parson below that range, and so it would be frivolous to challenge the sentence as unreasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel is correct that this potential claim would be frivolous, though his analysis falls short: The district court significantly understated the imprisonment range, and thus counsel also understates the degree to which Parson's prison term is below the properly calculated range.

Based on Parson's prior convictions, the probation officer concluded that he was subject to the career offender guideline. *See* U.S.S.G. § 4B1.1. The probation officer recognized that the statutory maximum actually was life imprisonment, but apparently believing himself bound by the parties' mistake in the plea agreement, the probation officer (and by extension the district court when it adopted the calculation) applied a base offense level corresponding to the 40-year maximum reflected in the agreement. *See* U.S.S.G. § 4B1.1(b)(A), (B), cmt. n.2. As a result, the district court mistakenly assigned Parson a base offense level of 34 rather than 37 and a total offense level of 31 rather than 34. Paired with Parson's criminal history category of VI, *see id.* § 4B1.1(b), these errors led the court to miscalculate the imprisonment range as 188 to 235 months rather than 262 to 327 months. The district court also adopted without objection the probation officer's factual representation that the plastic bag discarded by Parson held 53 grams of crack, which, as we have noted, corresponds to a minimum sentence of 20 years' imprisonment, 5 years more than Parson received. 21 U.S.C. § 841(b)(1)(A)(iii). But these errors benefitted Parson; his 180-month imprisonment sentence is below the presumptive statutory minimum and almost 7 years below the low end of the properly calculated guideline range. The government has not filed a cross-appeal, however, so we refrain from correcting the error by adjusting Parson's sentence upwards. *See Greenlaw v. United States*, 554 U.S. 237, 244-47 (2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.