NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided May 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-3367

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 09-20068-001 |
| RICHARD A. PRUITT, <br> *Defendant-Appellant*. | Michael P. McCuskey, <br> *Chief Judge.* |

**O R D E R**

Richard Pruitt videotaped as many as ten boys, between 11 and 16 years old, engaging in sexually explicit conduct with one another and with Pruitt. He traded these and other images for more child pornography by posting advertisements on a website and using e-mail to exchange files with persons who responded. Authorities eventually discovered and seized from Pruitt photos, DVDs, and over a thousand computer files containing child pornography. Because of his prior conviction for indecent solicitation of a child, Pruitt was a registered sex offender at the time of this offense. He pleaded guilty without a plea agreement to producing child pornography, 18 U.S.C. § 2251(a), advertising child pornography, *id.* § 2251(d)(1)(A), receiving child pornography, *id.* § 2252A(a)(2)(B), and possessing child pornography, *id.* § 2252A(a)(5)(B), and was sentenced to a total of 480 months' imprisonment.

Pruitt filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Pruitt has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Pruitt does not want his guilty pleas vacated, so counsel properly omits any discussion about the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel further notes that Pruitt does not wish to challenge the district court's application of the sentencing guidelines or the statutory penalties, which leaves counsel with little else to discuss. Pruitt's total offense level of 42 and Category V criminal history yielded an imprisonment range of 360 months to life, and the parties agreed that the governing statutes required a minimum sentence of 420 months. *See* 18 U.S.C. § 2251(e) (mandating at least 25 years for persons who advertise child pornography after a prior conviction related to sexual abuse); *id.* § 2260A (requiring 10-year consecutive term for registered sex offenders who violate § 2251). The court sentenced Pruitt to a total of 480 months, explaining that it had curbed its inclination to impose a life sentence because Pruitt had shown some remorse. But still, the court decided, a significant sentence was required: "[A] lengthy sentence must be imposed to make sure that if you do live out a lengthy sentence that you'll be at an age where hopefully acting out is not appropriate, maybe not desired. But it will certainly be in a different lifetime. It will be when you're an old man." Counsel has not identified any reason to disregard the presumption of reasonableness we apply to sentences within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.