NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 20, 2011
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 11-2033 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 10 CR 312 |
| *v.* | |
| | Ronald A. Guzmán, |
| ELIEL PIMENTEL-ALBERTOS, *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Eliel Pimentel-Albertos, a Mexican citizen, illegally entered the United States. After he was convicted of assault with a deadly weapon in California, Pimentel-Albertos was sentenced in 2004 to two years' imprisonment and removed to Mexico upon his release. When immigration officials discovered Pimentel-Albertos in Illinois state prison in 2009, he was charged with illegal reentry by an alien who had previously been removed. *See* 8 U.S.C. § 1326(a). He pleaded guilty and was sentenced to 60 months' imprisonment, which was ten months below the bottom of his guidelines range, and three years of supervised release. Pimentel-Albertos filed a notice of appeal, but his appointed counsel moves to withdraw

because he cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Pimentel-Albertos has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Pimentel-Albertos has given no indication that he wishes to challenge his guilty plea, counsel properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel essentially considers whether Pimentel-Albertos could challenge the reasonableness of his sentence, but aptly concludes that any challenge would be frivolous. Pimentel-Albertos' below-range sentence is presumed reasonable, *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010), *cert. denied*, 131 S.Ct. 435 (2010), and counsel has not identified any basis to set aside that presumption, nor have we. The court properly calculated a guidelines range of 70 to 87 months based on a category V criminal history and a total offense level of 21, which was significantly increased because of his California conviction for assault with a deadly weapon. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (providing for a 16-level increase when a defendant illegally enters after receiving a felony conviction for a crime of violence). The court also evaluated the sentencing factors in 18 U.S.C. § 3553(a) and the arguments offered in mitigation by Pimentel-Albertos, including the government's delay in prosecuting him, the absence of a "fast-track" program in the district, his incarceration in a state jail with substandard conditions, and the fact that he had not committed any recent crimes. But the court emphasized that these mitigating factors were outweighed by the violent nature of Pimentel-Albertos' conviction for assault and the need to deter him from returning to the United States and repeating his crimes. *See Pape*, 601 F.3d at 749. We would not conclude that the court abused its discretion in making that assessment.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.