**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 21, 2012
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1488

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-20027-001 |
| TERRILL HARRIS, *Defendant-Appellant.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Terrill Harris was convicted after a jury trial of possessing with intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug-trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A). The district court calculated an overall guidelines imprisonment range of 181 to 211 months and sentenced Harris to a total of 181 months. Harris filed a notice of appeal, but his newly appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Harris opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Harris's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Harris could argue that the trial evidence does not support his convictions. To convict Harris under § 841(a)(1), the government had to prove

that he possessed cocaine for distribution knowing that it was a controlled substance. *See United States v. Campbell*, 534 F.3d 599, 605 (7th Cir. 2008); *United States v. Parra*, 402 F.3d 752, 761 (7th Cir. 2005). To convict him on the § 924(c) charge, the government needed to prove that Harris knowingly carried a gun during and in relation to the cocaine charge. *See United States v. Jackson*, 300 F.3d 740, 747 (7th Cir. 2002); *Young v. United States*, 124 F.3d 794, 800 (7th Cir. 1997).

We agree with counsel that a sufficiency challenge would be frivolous. At trial an Illinois state trooper told the jury that he stopped Harris's car for speeding on Interstate 57, and then—after Harris had consented to a search and a drug-sniffing dog alerted to the presence of drugs while walking around the car—the trooper found a hidden compartment above the glove box with a loaded handgun inside. Video from the trooper's squad car supported his account of the stop. Harris confirmed that the gun was his and was arrested for operating a vehicle with a secret compartment concealing a firearm. *See* 625 ILCS 5/12-612(a)(1). He was released on bond the next day. Two days after the initial search, however, the trooper conducted a second search of the car (still impounded at the police station) and found nearly ten kilograms of powder cocaine hidden in a compartment near the trunk. Another Illinois police officer assigned to a DEA task force testified that he then interviewed Harris, who admitted to transporting the cocaine to sell in Chicago and Milwaukee. A forensic chemist confirmed that the recovered substance was cocaine, and a DEA agent testified about the street price of cocaine and how drug traffickers frequently use handguns to protect their contraband. This evidence is enough to sustain the jury's guilty verdict on both counts of conviction. *See Parra*, 402 F.3d at 762 (upholding § 841(a)(1) conviction when drugs were found in defendant's car); *Wilson v. United States*, 125 F.3d 1087, 1091–92 (7th Cir. 1997) (upholding carrying charge under § 924(c) when defendant transported gun and cocaine in same car); *Young*, 124 F.3d at 800 (same).

In his Rule 51(b) response, Harris discusses whether he could argue that the initial search of his car was unconstitutional. He first suggests that the traffic stop, although initially valid, was unreasonably prolonged. But as the district court noted, video of the traffic stop shows that Harris gave confusing accounts of his travel plans when the trooper was writing him a warning ticket, creating a reasonable suspicion of further criminal activity and justifying the prolonged stop. *See United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005); *United States v. Muriel*, 418 F.3d 720, 725–26 (7th Cir. 2005). Harris also questions whether his consent was voluntary because, he says, he was never told that he could refuse consent and the trooper acted coercively. But a suspect need not be informed of his right to refuse consent for his consent to be valid. *Schneckloth v. Bustamonte*, 412 U.S. 218, 232–33 (1973). And not only did Harris's attorney concede in the district court that the consent was voluntary, but the video belies Harris's assertion that the atmosphere was coercive: The trooper did not badger or pressure Harris into consenting, and Harris then sat

unhandcuffed in an unlocked police cruiser while the search was conducted. *See United States v. Clinton*, 591 F.3d 968, 972 (7th Cir. 2010); *United States v. Bernitt*, 392 F.3d 873, 877 (7th Cir. 2004). Moreover, the search was justified even without Harris's consent: A dog sniff is not a search under the Fourth Amendment, *Illinois v. Caballes*, 543 U.S. 405, 409 (2005), and the dog's alert here provided probable cause to search the vehicle, *see United States v. Loera*, 565 F.3d 406, 410 (7th Cir. 2009). We thus conclude that it would be frivolous for Harris to mount a constitutional challenge to the initial search.

Counsel also addresses whether Harris could challenge the reasonableness of his overall prison sentence. The lawyer has not identified any basis to dispute the district court's calculation of the guidelines imprisonment range, and since the term imposed is within that range, it is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel identifies no basis to set aside that presumption, nor have we. Looking to 18 U.S.C. § 3553(a), the district court concluded that a sentence at the bottom of the guidelines range—and just one month above the statutory minimums—was warranted because, although Harris committed serious crimes, his criminal history was very limited.

Finally, Harris addresses whether he could argue that his trial attorney provided ineffective assistance by, among other things, "not allowing" him to testify at the suppression hearing and presenting no evidence at his trial. But Harris fails to explain how he was prevented from testifying or what evidence was available to offer at trial. Moreover, as a rule, claims of ineffective assistance are best raised on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011).

We GRANT counsel's motion to withdraw and DISMISS the appeal.