NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2012[*]
Decided May 22, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3551

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-00072 |
| ALDEGUNDO GONZALEZ-QURIOZ, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Aldegundo Gonzalez-Qurioz pleaded guilty to illegal reentry after having previously been removed, 8 U.S.C. § 1326. The district court adopted the guidelines imprisonment range of 30 to 37 months (based on an offense level of 17 and criminal history category of III) from the presentence investigation report and sentenced Gonzalez-Qurioz to 30 months. Gonzalez-Qurioz filed a notice of appeal, but his appointed lawyer seeks to withdraw on the ground that all possible claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Gonzalez-Qurioz has not responded to counsel's motion. *See* CIR. R. 51(b).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Gonzalez-Qurioz has told counsel that he does not want his guilty plea set aside, so counsel properly omits any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Gonzalez-Qurioz could challenge his sentence but properly concludes that such a challenge would be frivolous. Counsel cannot identify any reason to disregard the presumption that a within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court properly evaluated the sentencing factors in 18 U.S.C. § 3553(a). In imposing a within-range sentence, the judge acknowledged Gonzalez-Qurioz's personal history and characteristics, *see id.* § 3553(a)(1)—that he returned to the United States to earn money so he could better provide for his family, but also that he had illegally reentered multiple times and had several recent criminal convictions.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.