NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2012
Decided August 1, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2722

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 00157 |
| LAWRENCE MANYFIELD, SR., *Defendant-Appellant.* | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Lawrence Manyfield used Limewire, an online file-sharing program, to possess or distribute nearly 20 gigabytes of child pornography. Manyfield's stash included a video of an adult man having anal sex with a prepubescent girl who was tied up at the ankles and wrist, and a video of an adult man having sex with a 3-year-old girl. The government charged Manyfield with two counts of possessing child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B), and one count of distributing it, *see id*. § 2252A(a)(2), but he pleaded guilty to only one possession charge. The district court sentenced him to 120 months' imprisonment, the top of his guidelines range as capped by the statutory maximum. 18

U.S.C. § 2252A(b)(2). He filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Manyfield has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Manyfield does not wish to challenge his guilty plea on appeal, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first acknowledges that the district court used the wrong edition of the Guidelines Manual in calculating Manyfield's imprisonment range but properly concludes that the error was harmless. Indeed, the court used the 2009 manual when it should have used the 2010 manual, which was in effect when Manyfield was sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Demaree*, 459 F.3d 791, 792 (7th Cir. 2006). But the error was harmless because both versions of the guidelines produce an imprisonment range of 97 to 120 months (as capped by the statutory maximum) based on an offense level of 30 and a criminal history category of I. *See* U.S.S.G. § 2G2.2. Therefore any challenge to the guidelines calculations would be frivolous.

Likewise counsel finally concludes, and we agree, that a challenge to the reasonableness of the sentence would be frivolous. As counsel notes, we would presume Manyfield's within-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel cannot identify any reason to disturb that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a). The court discussed the nature of the offense, noting that "I see a lot of crimes here . . . [and] this is about as bad as they get," as well as the characteristics of the defendant, acknowledging letters submitted by Manyfield's family describing him as a good husband and father. The court reasonably found that regardless of Manyfield's virtues as a husband and father, this consideration did not outweigh his conduct in possessing and distributing a "huge, huge amount" of child pornography.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.