NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1363

UNITED STATES OF AMERICA

v.

VICTOR PALILLERO,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-11-cr-00572-001)
District Judge: Hon. Joel A. Pisano

Before: McKEE, *Chief Judge*, SLOVITER and VANASKIE,
*Circuit Judges*

Submitted pursuant to Third Circuit LAR 34.1(a)
December 17, 2012

(Opinion filed: May 22, 2013)

OPINION

McKEE, *Chief Judge*.

Victor Palillero appeals the district court's judgment of sentence. For the reasons

that follow, we will vacate the sentence and remand for proceedings consistent with this

opinion.

# I. FACTS AND PROCEDURAL HISTORY

Because we write for the parties, we will only refer to the facts and procedural history to the extent necessary for our brief discussion.

Palillero agreed to plead guilty to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(A)(viii). The government filed a sentencing brief acknowledging that Palillero was "safety valve" eligible and advocating a sentence within the advisory Guidelines range. In that brief, the government noted that *Kimbrough v. United States*, 552 U.S. 85, 101, 110-11 (2007), allowed a sentencing court to impose a sentence outside the suggested guidelines range on policy grounds, but that the law did not require the court to do so.

Palillero contended that the methamphetamine Guideline, U.S.S.G. § 2D1.1(c)(4), was flawed and entitled to little deference, and he articulated several policy reasons for the court to vary from it.

In rejecting Palillero's argument, the court explained:

> COURT: [The Guidelines range for methamphetamine offenses] is high. The problem is it's a different drug [than crack cocaine]. The problem is it's a different substance all together (sic) and unless and until Congress and the Commission seek to equate it to the crack versus powder cocaine disparity, I don't know that I have much else to do with it.
>
> You may be right, somewhere down the road Congress may determine to give the same kind of treatment they've now given to the crack disparity, but until such time as that happens, I think I have to reject the argument that you make. It just doesn't, as a matter of law, translate.
>
> That argument will be noted for the record and not accepted.

2

A50.

The district court then discussed the 18 U.S.C. § 3553(a) factors and sentenced

Palillero to a bottom-of-the-Guidelines-range sentence of 70 months, to be followed by

three years of supervised release. Palillero appeals.[1]

## II. DISCUSSION

Palillero argues that his sentence was unreasonable because the district court

committed reversible error when it wrongly decided that it did not have the authority to

consider his request for a downward variance based on his policy arguments about flaws

in the methamphetamine Guideline.

In *Spears v. United States*, 555 U.S. 261 (2009) (per curiam), the Supreme Court

reconfirmed and succinctly explained its holding in *Kimbrough*:

> The only fact necessary to justify such a variance is the
> sentencing court's disagreement with the guidelines – its
> policy view that the 100-to-1 ratio [of powder to crack
> cocaine] creates an unwarranted disparity. . . . That was
> indeed the point of *Kimbrough*: a recognition of the district
> courts' authority to vary from the crack cocaine Guidelines
> based on *policy* disagreement with them, and not simply
> based on an individualized determination that they yield an
> excessive sentence in a particular case.

555 U.S. at 264 (emphasis in original) (citation and internal quotation marks omitted).[2]

---

[1] We review a district court's sentencing decision under an abuse of discretion standard,
"[r]egardless of whether the sentence is inside or outside the Guidelines range." *Gall v.
United States*, 552 U.S. 38, 51 (2007). We have held that a sentence within the
Guidelines will not be accorded a presumption of reasonableness. *United States v.
Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), abrogated on other grounds by *Kimbrough v.
United States*, 552 U.S. 85 (2007).

*Kimbrough*'s rationale is not limited to the former crack cocaine/powder cocaine disparity. Indeed, a number of courts have exercised their authority to grant a downward variance based on a policy disagreement with various Guidelines provisions. *See, e.g., United States v. Grober*, 624 F.3d 592 (3d Cir. 2010); *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010); *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 147 (3d Cir. 2009).

Thus, the court noted in *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010), "[w]e understand *Kimbrough* and *Spears* to mean that district judges are at liberty to reject *any* Guideline on policy grounds – though they must act reasonably when doing so." (citation omitted) (emphasis in original).

Here, the district court suggested that it did not think that it had such authority unless it was applying the Guidelines for crack cocaine. The court explained:

> unless and until Congress and the Commission seek to equate it to the crack versus powder cocaine disparity, I don't know that I have much else to do with it.
>
> You may be right, somewhere down the road Congress may determine to give the same kind of treatment they've now given to the crack disparity, but until such time as that happens, I think I have to reject the argument that you make. It just doesn't, as a matter of law, translate.

---

[2] However, "[a]s this Court has made clear, . . . *Kimbrough* does not require a district court to reject a particular Guideline range where that court does not, in fact, have disagreement with the Guideline at issue." *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (citation omitted).

4

Thus, Palillero's claim that the district court rejected his policy arguments because it erroneously believed it did not have the legal authority to accept them is supported by the record. Accordingly, we will vacate the sentence and remand to the district court for resentencing. On remand, the district court is free to adopt Palillero's policy argument and impose a different sentence *if it chooses* to do so, but it is clearly not required to.[3]

### III. CONCLUSION

For the above reasons, we will vacate the judgment of sentence and remand for proceedings consistent with this opinion.

---

[3] Palillero also argues that his sentence was substantively unreasonable because the district court failed to give sufficient consideration to the factors enumerated in 18 U.S.C. § 3553(a). His main argument on the substantive unreasonableness of his sentence is that the district court used what he contends is the flawed methamphetamine Guideline , § 2D1.1(c)(4), as the initial benchmark and driving force behind its sentence. However, because we will vacate the sentence for the reasons stated in this opinion, we will not address this issue at this time.