```
┌─────────────────────────────────────────────┐
│           NONPRECEDENTIAL DISPOSITION         │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015
Decided, March 12, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2778

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 755-3 |
| LUIS RAMIREZ-PADILLA, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Luis Ramirez-Padilla participated in a drug-trafficking organization that was led by his brother on the southwest side of Chicago, Illinois. During the summer of 2012, Ramirez-Padilla delivered cocaine to customers and suppliers, collected proceeds, and harbored drugs and money in his apartment. He pleaded guilty (without negotiating a plea agreement) to conspiracy to possess with intent to distribute a cocaine mixture. *See* 21 U.S.C. §§ 841(a)(1), 846.

The district court calculated a total offense level of 31 and a criminal history category of I, yielding an imprisonment range of 108 to 135 months. The version of

§ 2D1.1(c) then in force placed his base offense level at 34 (he admitted that his involvement in the conspiracy included between 15 and 50 kilograms of cocaine). *See* U.S.S.G. § 2D1.1(c)(1) (2013). Over Ramirez-Padilla's objection, the court applied a two-level enhancement for maintaining a stash house, *see id.* § 2D1.1(b)(12). The court then applied a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, and a two-level reduction because he qualified for the safety valve, *see id.* § 2D1.1(b)(16). Ramirez-Padilla requested a reduction for his minor role in the offense, but the court declined to reduce his offense level further. In determining Ramirez-Padilla's sentence, the district court accounted for a pending amendment that would reduce by two levels the offense levels in the Drug Quantity Table, *see* U.S.S.G. § 2D1.1(c) (2014), resulting in a base offense level of 29 and a corresponding guidelines range of 87 to 108 months. After weighing the sentencing factors under 18 U.S.C. § 3553(a), the court sentenced Ramirez-Padilla to 70 months' imprisonment.

Ramirez-Padilla filed a notice of appeal, and his appointed counsel now seeks to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Ramirez-Padilla has not answered our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects discussed in counsel's brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Ramirez-Padilla does not wish to challenge his guilty plea and thus appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Ramirez-Padilla could argue that the district court clearly erred by denying a two-level reduction based on his minor role in the offense. *See* U.S.S.G. § 3B1.2(b). To qualify for this reduction, Ramirez-Padilla needed to demonstrate that he was "substantially less culpable than the average participant." *Id.* app. n.3(a); *United States v. Thi*, 692 F.3d 571, 574 (7th Cir. 2012). Ramirez-Padilla characterized himself as a "gofer" and emphasized the short length of his participation (three months compared to the years invested by his coconspirators). The district court acknowledged that Ramirez-Padilla was "not a major ringleader," but found that he was more than a minor participant because he "maintained a stash house for the drugs, kept physical custody of kilos of cocaine for the ringleader or hundreds of thousands of dollars in cash," and "was a major distributor as well." "[A] minor role reduction need

not apply to a defendant who was close to the leaders of a conspiracy and handled or transported drugs," *United States v. Garcia*, 580 F.3d 528, 538–39 (7th Cir. 2009), so we agree with counsel that it would be frivolous to challenge the district court's denial of this two-level reduction.

Counsel also explores whether Ramirez-Padilla could argue that the district court erred by imposing a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(12)—the stash house enhancement—for maintaining a premises to distribute a controlled substance. But counsel properly concludes that such an argument would be frivolous. A defendant maintains a stash house if "'he owns or rents premises, or exercises control over them, and for a sustained period of time, uses those premises to manufacture, store, or sell drugs.'" *United States v. Flores-Olague*, 717 F.3d 526, 532 (7th Cir. 2013) (quoting *United States v. Acosta*, 534 F.3d 574, 591 (7th Cir. 2008)). A defendant's primary place of residence may constitute a stash house if drug-trafficking activities are frequent and significant. *See id.* at 533. The court noted that Ramirez-Padilla paid the rent and used the apartment as his primary residence, and found that the primary purpose of the apartment was "to enable the drug business to flourish" because the organization's leader chose this apartment as the safest location for Ramirez-Padilla to store the drugs and proceeds.

We agree with counsel that any challenge to Ramirez-Padilla's 70-month sentence, which is well below the low end of the guidelines range (108 to 135 months), would be frivolous. A below-guidelines sentence is presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and counsel is unable to identify any reason to disregard that presumption. And as counsel notes, the court considered the § 3553(a) factors, including Ramirez-Padilla's youth (27 at the time) and lack of significant criminal history. The court also stressed that Ramirez-Padilla turned to his brother's drug organization only after he lost his job because of an eye surgery.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.